Johnson, J.
The cases cited at the bar establish very fully, that the doctrine of implied warranties, applies as well to sales made by administrators, as to those made by persons in their own right; and the facts of the case would seem to warrant the conclusion, that the plaintiff has sustained an injury: But it is equally clear that these defendants are not liable.
In Boggs v. Reid, and Smith v. Killingsworth, and in several other cases which have been recently decided in this Court, it has been held, upon very clear principles, that an executor or administrator, or other person, acting in a fiduciary character, cannot, by any contract of his own, create a charge upon the property or estate which he represents, riot even in Equity, unless the estate or property has been benefited by the contract, and they are in advance. The object here, is to charge the defendant, the administrator de bonis non, on a, contract made with the first administrator — an implied contract it is true: But it would be'a strange application of the principle, to raise an obligation by implication, which the party contracting was incapable of raising by express stipulation.
It has been contended with some show of plausibility, that as the sale was made in pursuance of an order from the ordinary,- and by the administrators in the regular course of their duty, and for the benefit of the estate, therefore the plaintiff had a right to follow the estate. The order of the ordinary is in effect nothing but a license to the administrators to sell, leaving the terms to be adjusted between them and the purchaser. There is nothing in it which precludes them from making an express warranty, .if they think proper to do so; they may so contract as to raise an implied warranty, or at their own election, stipulate not to warrant : but, according to the rule before laid down, if a liability on their part does arise, it is personal, and they alone are liable. The motion is therefore refused. *
Harper, J. concurred.